**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                          (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Edgio, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Limelight Networks, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 0 – 1 6 7 7 0 3 3 |

4. **Debtor's address**

   **Principal place of business**

   11811 North Tatum Boulevard
   Number       Street

   Suite 3031

   Phoenix                                  AZ        85028
   City                                     State     ZIP Code

   Maricopa County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number       Street

   _____
   P.O. Box

   _____
   City            State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number       Street

   _____

   _____
   City            State     ZIP Code

5. **Debtor's website** (URL)    https://edg.io/

---

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 1

Debtor  Edgio, Inc._____   Case number (*if known*)_____
       *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>   5  1  6  2 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check all that apply*:<br>   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>   ☐ A plan is being filed with this petition.<br>   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes.  District _____  When _____  Case number _____<br>                                                      MM / DD / YYYY<br>        District _____  When _____  Case number _____<br>                                                      MM / DD / YYYY |

Debtor  Edgio, Inc.
_____
Name

Case number *(if known)*_____

| | | |
|---|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes.  Debtor  See Rider 1<br>District  Delaware<br>Case number, if known  _____ | Relationship  Affiliate<br>When  Date Hereof<br>MM / DD / YYYY |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                         Number    Street
_____
_____      ____ _____
City                         State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        ✗         page **3**

Debtor  Edgio, Inc.
_____
Name

Case number (if known) _____

15. **Estimated assets**
    (on a consolidated basis, based on unaudited financial statements as of 6/30/2024)

    ☐ $0-$50,000
    ☐ $50,001-$100,000
    ☐ $100,001-$500,000
    ☐ $500,001-$1 million

    ☐ $1,000,001-$10 million
    ☐ $10,000,001-$50 million
    ☐ $50,000,001-$100 million
    ☒ $100,000,001-$500 million

    ☐ $500,000,001-$1 billion
    ☐ $1,000,000,001-$10 billion
    ☐ $10,000,000,001-$50 billion
    ☐ More than $50 billion

16. **Estimated liabilities**
    (on a consolidated basis, based on unaudited financial statements as of 6/30/2024)

    ☐ $0-$50,000
    ☐ $50,001-$100,000
    ☐ $100,001-$500,000
    ☐ $500,001-$1 million

    ☐ $1,000,001-$10 million
    ☐ $10,000,001-$50 million
    ☐ $50,000,001-$100 million
    ☒ $100,000,001-$500 million

    ☐ $500,000,001-$1 billion
    ☐ $1,000,000,001-$10 billion
    ☐ $10,000,000,001-$50 billion
    ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on  09/09/2024
    MM / DD / YYYY

    ☒ /s/ Todd Hinders
    _____
    Signature of authorized representative of debtor

    Todd Hinders
    _____
    Printed name

    Title  President and Chief Executive Officer

18. **Signature of attorney**

    ☒ /s/ Russell C. Silberglied
    _____
    Signature of attorney for debtor

    Date  09/09/2024
    MM / DD / YYYY

    Russell C. Silberglied
    _____
    Printed name

    Richards, Layton & Finger, P.A.
    _____
    Firm name

    One Rodney Square, 920 N. King Street
    _____
    Number       Street

    Wilmington                                     DE           19801
    _____
    City                                           State        ZIP Code

    (302) 651-7700                                 silberglied@rlf.com
    _____
    Contact phone                                  Email address

    3462                                           DE
    _____
    Bar number                                     State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **4**

**Rider 1**

**Pending Bankruptcy Cases Filed by Affiliates**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, (collectively, the "Debtors") filed or will file a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the Chapter 11 Cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Edgio, Inc.

| COMPANY |
| --- |
| Edgio, Inc. |
| Edgio International, Inc. |
| Limelight Networks VPS, Inc. |
| Mojo Merger Sub, LLC |
| Limelight Midco, Inc. |
| Limelight AcquisitionCo, Inc. |
| Edgecast Inc. |

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __0001391127__.

2. The following financial data is the latest available information and refers to the debtor's condition on __June 30, 2024__ (on a consolidated basis, based on unaudited financial statements).

   a. Total assets          $ 379,013,042

   b. Total debts (including debts listed in 2.c., below)    $ 368,613,842

   c. Debt securities held by more than 500 holders    N/A

   Approximate number of holders:

   | | | | | |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

   d. Number of shares of preferred stock    N/A
   e. Number of shares common stock    5,860,143

   Comments, if any: _____

3. Brief description of debtor's business: Edgio, Inc., and its subsidiaries provide technology services that support the delivery of video and other content through the Internet.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
College Top Holdings, Inc., College Parent L.P., College Parent Holdings GP, LLC, AP IX College Holdings, L.P., AP IX College Holdings GP, LLC, Apollo Management IX, L.P., AIF IX Management, LLC, Apollo Management, L.P., Apollo Management GP, LLC, Apollo Management Holdings, L.P., and Apollo Management Holdings GP, LLC.

**Fill in this information to identify the case:**

Debtor name __Edgio, Inc. et al.__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]  12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | Amazon Web Services Inc  410 Terry Avenue  North Seattle, WA 98124 | Name: Arya Givehchin  Email: aggivehc@amazon.com  Phone: (206) 266-1000 | Vendor | | | | 8,667,360 |
| 2 | Verizon Sourcing LLC  7701 E Telecom Pkwy  Temple Terrace, FL 33637 | Name: Michelle Parker  Email: michelle.parker2@verizonwireless.com  Phone: (425) 213-3813 | Customer | Contingent | | | 5,885,589 |
| 3 | Amazon Services LLC  2121 7th Avenue  Seattle, WA 98121 | Name: Gaurab Upadhaya  Email: Gaurabu@amazon.com  Phone: (206) 266-1000 | Customer | Contingent | | | 5,694,893 |
| 4 | EdgeUno, Inc.  1200 Ponce de Leon Blvd, Unit 900  Miami, FL 33134 | Name: David Vargas  Email: david.vargas@edgeuno.com  Phone: (626) 231-0777 - Ext 1140 | Vendor | | | | 3,035,924 |
| 5 | Equinix, Inc  4252 Solutions Center  Chicago, IL 60677 | Name: Charles Naulty  Email: cnaulty@equinix.com  Phone: (714) 336-8832 | Vendor | | | | 2,546,920 |
| 6 | Tencent Cloud, LLC  661 Bryant Street  Palo Alto, CA 94301 | Name: Kiki Cair  Email: kikicai@global.tencent.com  Phone: (650) 798-3300 | Vendor | | | | 1,399,079 |
| 7 | Encore Technologies  4620 Wesley Ave  Cincinnati, OH 45212 | Name: Tracey Witte  Email: tracey.witte@encore.tech  Phone: (866) 990-3526 | Vendor | | | | 1,248,417 |
| 8 | Sony  11/f. no.18 Full Link Plz Tower A  Beijing, Beijing, CN | Name: Hiroyuki Matsushima  Email: hiroyuki.matsushima@sony.com  Phone: 8-133-475-7444 | Customer | Contingent | | | 1,235,250 |
| 9 | Comcast Media Center  13431 Collections Center Drive  Chicago, IL 60693 | Name: Chris Skalet  Email: Chris_Skalet@comcast.com  Phone: (215) 286-1700 | Vendor | | | | 1,077,000 |
| 10 | Deutsche Telekom North America, Inc.  141 West Front Street, Suite # 330  Red Bank, NJ 07701 | Name: Bob Scesa  Email: Bob.Scesa@telekom.com  Phone: (732) 936-4400 | Vendor | | | | 883,890 |

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

[2] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 11 | Washington State Department of Revenue 2101 4th Ave, Suite 1400 Seattle, WA 98121 | Phone: (360) 705-6705 | Government Taxing Authority | Contingent, Unliquidated, Disputed | | | 864,787 |
| 12 | Endurance Assurance Corporation 2415 E. Camelback Road, Suite 950 Phoenix, AZ 85016 | Name: Josefina Rojo Email: Josefina.Rojo@alliant.com Phone: (312) 595-6525 | Other | Contingent, Unliquidated | | | 864,787 |
| 13 | Goodwin Procter LLP 100 Northern Avenue Boston, MA 02210 | Name: Birnbach, Deborah S Email: DBirnbach@goodwinlaw.com Phone: (617) 570-1339 | Professional Services | Disputed | | | 785,101 |
| 14 | Edgenext North America Corporation FKA ChinaCache North America, Inc 500 108th Ave NEW Suite 1100 Bellevue, WA 98004 | Name: Jessica Wang Email: jessica.wang@edgenext.com Phone: (626) 203-9954 | Vendor | | | | 757,001 |
| 15 | OpsRamp, Inc 2590 N First St Suite 200 San Jose, CA 95131 | Name: Subhash Penumatcha Email: subhash.penumatcha@opsramp.com Phone: (510) 386-7107 | Vendor | Disputed | | | 680,400 |
| 16 | Digital Realty Trust, LP dba Telx P.O. Box 419729 Boston, MA 02241 | Name: Lawrence Chapman Email: plawrence@digitalrealty.com Phone: (857) 366-9900 | Vendor | | | | 672,446 |
| 17 | Seabras 1 USA, LLC 600 Cummigs Center Suite 268Z Beverly, MA 01915 | Name: Sean McNeill Email: sean.mcneill@seabornnetworks.com Phone: (978) 471-3143 | Vendor | | | | 608,226 |
| 18 | Disney Streaming Services 925 4th Ave #1600, SEATTLE, WA 98104, King | Name: Dave Austin Email: Dave.Austin@disney.com Phone: (860) 378-5124 | Customer | Contingent | | | 580,376 |
| 19 | Fandango Media, LLC. 600 W. California Ave. Sunnyvale CA 94086 | Name: Valery Tulnikov Email: valery.tulnikov@vudu.com Phone: (310) 451-7690 | Customer | Contingent | | | 565,033 |
| 20 | NTT America, Inc. 757 Third Ave, Fl 14 New York, NY 10017 | Name: Santosh Kumar Email: santosh.swamy@global.ntt Phone: (332) 900-3896 – Ext 200113371 | Vendor | | | | 554,863 |
| 21 | Bell Canada P.O. Box 11033, Succursale Centre-Ville Montreal, QC, Quebec H3C 4W8 Canada | Name: Wilson Lee Email: Wilson.Lee@bell.ca Phone: (800) 339-6353 | Customer | Contingent | | | 525,736 |
| 22 | Microsoft Corporation 1950 N stemmons Fwy Dallas, TX 75207 | Name: Victoria Sarmiento Email: v-sarmientor@microsoft.com Phone: +63 2 8860 8552 | Vendor | | | | 520,139 |
| 23 | Equinix Japan - World Trade Center Building 33F 2-4-1 Hamamatsu-cho Minato-ku Tokyo, Japan JP 105-6133 | Name: Charles Naulty Email: cnaulty@equinix.com Phone: (714) 336-8832 | Vendor | | | | 514,005 |
| 24 | Arelion U.S. Inc 4966 Paysphere Circle Chicago, IL 60674 | Name: William Fernandez Email: william.fernandez@arelion.com Phone: (703) 546-4047 | Vendor | | | | 506,349 |
| 25 | Computacenter Fusionstorm Inc FKA FusionStorm 1 University Avenue Westwood, MA 02090 | Name: Rebecca E. Goolgasian Email: Rebecca.Goolgasian@computacenter.com Phone: (781) 384-6009 | Vendor | | | | 500,869 |
| 26 | Kingsoft Cloud Inc. 1370 Valley Vista Drive Ste 266 Diamond Bar, CA 91765 | Name: Adam Cheng Email: adam.cheng@kingsoft.com Phone: (305) 377-1200 | Vendor | | | | 488,073 |
| 27 | Liberty Global Technology Services B.V. Boeing Avenue 53, 1119 PE Schiphol-Rijk, NL 034 | Name: Paul Wilkinson Email: pwilkinson@libertyglobal.com Phone: (704) 887-4173 | Vendor | | | | 484,041 |
| 28 | Mattress Firm, Inc. 3250 Brianpark Dr Suite 125, 4th Floor Houston, TX 77042 | Name: Kimberly Alexander Email: kimberly.alexander@mfrm.com Phone: (516) 861-7808 | Customer | Contingent | | | 435,607 |
| 29 | U.S. Bank P.O. Box 70870 Saint Paul, MN 55170 | Name: Mary J Ambriz-Reyes Email: mary.ambrizreyes@usbank.com Phone: (602) 663-5742 | Secured indenture trustee (deficiency claim) | | $140,871,304 In principal amount | Unliquidated | Unliquidated |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 30 | Lynrock Lake LP<br>2 International Drive<br>Rye Brook, NY 10573 | Name: Cynthia Paul<br>Email: cp@lynrocklake.com<br>Phone: (914) 449-4667 | Secured credit facilities (deficiency claim) | | $94,380,544 In principal amount | Unliquidated | Unliquidated |

# EDGIO, INC.

## SECRETARY'S CERTIFICATE

Date: September 6, 2024

    I, Richard Diegnan, the undersigned Secretary of Edgio, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Company"), hereby certify and follows:

1. I am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true and correct copy of the resolutions of the Board of Directors of the Company (the "Board"), duly adopted at a meeting of the Board on September 6, 2024.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

    **IN WITNESS WHEREOF**, the undersigned has executed this Certificate as of the date first written above.

By: *Richard Diegnan* (Signed by: A9A7D1676C534B4...)
Name: Richard Diegnan
Title: Secretary

RESOLUTIONS
OF
THE BOARD OF DIRECTORS
OF
EDGIO, INC.

**September 6, 2024**

**WHEREAS**, the members of the board of directors (the "Board") of Edgio, Inc., a Delaware corporation (the "Company"), along with its legal and financial advisors, has considered the liquidity, financial and operational condition, including capital resources, and sources and uses of cash, of the Company and its current lending arrangements in respect to meeting the Company's short-term liquidity needs;

**WHEREAS**, the Board has reviewed the historical performance and results of the Company, the market in which the Company operates, its current, short-term and long-term future liquidity needs, its business prospects and its current and long-term liabilities;

**WHEREAS**, the Board has considered and evaluated other lending arrangements and sources of liquidity in meeting the Company's short-term liquidity needs;

**WHEREAS**, the Board has reviewed the materials presented by the Company's financial, legal and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and have had the opportunity to fully consider, the Company's financial condition, including its capital resources and uses of cash, liabilities and liquidity position, the strategic alternatives available to it, the impact of the foregoing on such Company's business and operations and the advisability of entering into restructuring arrangements;

**WHEREAS**, pursuant to the Company's Third Amended and Restated Bylaws (as amended, restated, modified or supplemented from time to time), the Board designated a Transaction Committee (the "Transaction Committee") on the terms set forth in that certain Amended and Restated Charter for the Transaction Committee of the Board, dated August 8, 2024 (the "Transaction Committee Charter");

**WHEREAS**, pursuant to the Transaction Committee Charter, the Board shall not, among other things, approve any of the Company's potential restructuring transactions (collectively, the "Transactions") unless such Transactions have first been approved and recommended by the Transaction Committee;

**WHEREAS**, pursuant to resolutions of the Transaction Committee of the Company adopted at a meeting of such Transaction Committee on September 6, 2024, the Transaction Committee has approved and recommended to the Board that taking the actions set forth below are advisable and in the best interests of the Company; and

**WHEREAS**, the Board has determined that taking the actions set forth below are advisable and in the best interests of the Company and therefore desires to approve the following resolutions:

### Filing of Chapter 11 Case

**BE IT RESOLVED** that the Board has determined that it is desirable and in the best interests of the Company that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the Chapter 11 Case (as defined below) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**BE IT FURTHER RESOLVED** that Todd Hinders, Stephen Cumming, Richard Diegnan and each other officer of the Company on behalf of the Company (the "Authorized Persons"), in each case, acting singly or jointly, be, and hereby is, authorized, empowered and directed to execute and file, or cause to be filed, with the Bankruptcy Court, for the Company, all petitions, schedules, lists, motions, applications, pleadings and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief or in connection with the chapter 11 case of the Company (the "Chapter 11 Case"), with a view to the successful prosecution of the Chapter 11 Case, including the negotiation of such additional agreements, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required and/or the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the resolutions herein and the transactions contemplated thereby;

### Approval of the Stalking Horse APA

**BE IT FURTHER RESOLVED** that the Board has determined that it is desirable and in the best interests of the Company to sell all or substantially all of the assets and certain liabilities of the Company pursuant to an asset purchase agreement in substantially the form attached hereto as Exhibit A (as it may be amended, modified or supplemented from time to time, the "Stalking Horse APA"), subject to higher or better offers and in accordance with the auction and bidding procedures to be approved by the Bankruptcy Court (the "Asset Sale");

**BE IT FURTHER RESOLVED** that the form, terms, and provisions of the Stalking Horse APA are hereby approved, the sale of all or substantially all of the assets of the Company pursuant to the terms set forth in the Stalking Horse APA is hereby authorized and approved, and each Authorized Persons, with the assistance of the Company's advisors, be, and hereby is, authorized, empowered, and directed to do all things in connection with the Asset Sale, including (i) conducting a Bankruptcy Court authorized bidding and auction process, (ii) obtaining Bankruptcy Court approval of the Stalking Horse APA (or any subsequent asset purchase agreement following an auction) at a sale hearing and (iii) closing the Stalking Horse APA (or any subsequent asset purchase agreement following an auction);

**BE IT FURTHER RESOLVED** that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause to be prepared, to negotiate, execute, and deliver, and the Company be authorized to perform its obligations and take the actions contemplated under, the Stalking Horse APA (or any subsequent asset purchase agreement following an auction) and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the Stalking Horse APA (or any subsequent asset purchase agreement following an auction), each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons so acting, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of the Company, such approval to be evidenced conclusively by such execution;

### Debtor-in-Possession Financing

**BE IT FURTHER RESOLVED** that each Authorized Person, and any employees or agents (including counsel) designated by or directed by any such Authorized Person, be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to enter into a senior, secured, super-priority debtor in possession credit facility (the "DIP Credit Facility") by and among Lynrock Lake Master Fund LP or its affiliates, as lender, the Company and any other guarantors and other parties thereto, and any related documents or instruments, each on terms and conditions agreed to by the Company, the lender and the agent and such other terms as are customary for similar debtor-in-possession facilities and to cause the Company to grant a senior security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby;

**BE IT FURTHER RESOLVED** that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause to be prepared, to negotiate, execute, and deliver, and the Company hereby is authorized to perform its obligations and take the actions contemplated under, the DIP Credit Facility and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the DIP Credit Facility, each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of the Company, such approval to be evidenced conclusively by such execution;

**BE IT FURTHER RESOLVED** that the Company, as debtor and debtor in possession under the Bankruptcy Code, be, and hereby is, authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Company's assets as may be contemplated by or required under the terms of cash collateral

agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code;

**BE IT FURTHER RESOLVED** that the Company will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facility to the Company and its affiliates;

### Retention of Advisors

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered and directed to employ the law firm of Milbank LLP as general bankruptcy counsel to represent and advise the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Milbank LLP;

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered, and directed to employ the firm of Richards, Layton & Finger, P.A. as local counsel to represent and advise the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, P.A.;

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered, and directed to employ the firm of TD Securities (USA) LLC (dba TD Cowen) as financial advisor to represent and advise the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of TD Securities (USA) LLC (dba TD Cowen);

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered, and directed to employ the firm of Riveron Consulting LLC as business advisor to represent and advise the Company in carrying out the Company's duties

under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Riveron Consulting LLC;

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered, and directed to employ Omni Agent Solutions, Inc. as claims and noticing agent to represent and advise the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Omni Agent Solutions, Inc.;

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered, and directed to retain such other professional advisors, including accountants, auditors, and local or special counsel, as may be necessary or advisable to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, that such Authorized Persons hereby are authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of such other professional advisors;

## General Authorizations

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to prosecute the Chapter 11 Case in a manner that in their business judgment is likely to maximize the recovery for stakeholders in the Company and minimize the obligations incurred by the Company;

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such person shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED** that each Authorized Person of the Company be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to

amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

**BE IT FURTHER RESOLVED** that, to the extent the Company or any of its subsidiaries serves as the sole member, managing member, general partner or other governing body (each a "Controlling Company") of any other company (each a "Controlled Company"), each Authorized Person of such Controlling Company, any one of whom may act without the joinder of any other Authorized Person of such Controlling Company, be, and hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person of such Controlling Company is herein authorized to take on behalf of such Controlling Company.

*[The remainder of this page is intentionally left blank.]*

## Exhibit A

**Stalking Horse APA**

[*To be filed separately.*]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br> **EDGIO, INC.**, *et al.*,[1] <br> Debtors. | Case No. 24-[•] (   ) <br> Chapter 11 <br> (Joint Administration Requested) |

# CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS[2]

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "Debtor") hereby state as follows:

1. The following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of Debtor Edgio, Inc.'s equity interests:

| Equity Holder | Percentage of Interests Held |
|---|---|
| College Top Holdings, Inc. and affiliates | 34.2% |

---

[1] The Debtors operate under the trade name Edgio and have previously used the trade names Limelight, Edgecast and Layer0. The Debtors in these chapter 11 cases (the "***Chapter 11 Cases***"), along with the last four digits of each Debtor's federal tax identification number, are: Edgio, Inc. (7033); Edgecast Inc. (6704); Edgio International, Inc. (3022); Limelight AcquisitionCo, Inc. (6138); Limelight Midco, Inc. (1120); Limelight Networks VPS, Inc. (3438); and Mojo Merger Sub, LLC (0056). The Debtors' service address for purposes of these Chapter 11 Cases is: 11811 N. Tatum Blvd., Ste. 3031, Phoenix, AZ 85028. Additional information about the Chapter 11 Cases is available at https://OmniManagementSolutions.com/Edgio/.

[2] Pursuant to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Redaction of Certain Personally Identifiable Information (II) Modifying the Requirement to File a List of Equity Security Holders and Modifying Notice Thereto, and (III) Granting Related Relief*, the Debtors have requested authority to modify the requirement of Fed. R. Bankr. P. 1007(a)(3) such that the Debtors would file a list of only known registered equity holders of Debtor Edgio, Inc. If such relief is granted by order of the Court, within 14 days of the Petition Date, the Debtors will file a notice of Debtor Edgio, Inc.'s registered equity holders as of the Petition Date.

2. The following Debtors are 100% owned by Debtor Edgio, Inc.:

| Debtor |
|---|
| Edgio International, Inc. |
| Limelight Networks VPS, Inc. |
| Mojo Merger Sub, LLC. |
| Limelight MidCo, Inc. |

3. The following Debtor is 100% owned by Debtor Limelight MidCo, Inc.:

| Debtor |
|---|
| Limelight AcquisitionCo, Inc. |

4. The following Debtor is 100% owned by Debtor Limelight AcquisitionCo, Inc.:

| Debtor |
|---|
| Edgecast Inc. |

**Fill in this information to identify the case and this filing:**

Debtor Name  Edgio, Inc.

United States Bankruptcy Court for the: _____ District of  Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/09/2024
MM / DD / YYYY

✗ */s/ Todd Hinders*
Signature of individual signing on behalf of debtor

Todd Hinders
Printed name

President and Chief Executive Officer
Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**