IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDGIO INC., *et. al.*,<br><br>          Debtors. | ) Chapter 11<br>)<br>) Case No. 24-11985-KBO<br>)<br>) Objection Deadline: September 4, 2025,<br>) 4:00 p.m. ET<br>) Hearing Date: TBD |

**DECLARATION OF MICHAEL J. GEARIN IN SUPPORT OF MOTION FOR ALLOWANCE AND APPROVAL OF ADMINISTRATIVE EXPENSE CLAIM**

Michael J. Gearin, pursuant to 28 U.S.C. § 1746, hereby certifies and declares as follows:

1. I am a partner with K&L Gates LLP ("K&L"), counsel for Amazon.com Services LLC ("Amazon"). I am over the age of eighteen, I am competent to testify, and I have personal knowledge of the facts set forth herein.

2. K&L represents Amazon with respect to Edgio, Inc.'s ("Debtor") bankruptcy. I submit this declaration in support of Amazon's motion for reimbursement of post-petition overpayment from Debtor Edgio, Inc. (the "Motion").

3. In April, 2025, Amazon became aware that it had overpaid amounts due to the Debtor relating to certain content delivery network ("CDN") services provided by the Debtor pursuant to a Master Telecommunications Services Agreement and related service and purchase orders (collectively, the "MTSA"). On behalf of Amazon, I engaged with the Debtor's counsel to request reimbursement of Amazon's $1,406,000 overpayment to the Debtor. An email chain reflecting my communications on this point with the Debtor's counsel is attached as Exhibit 1. Indeed, as Exhibit 1 reflects, I sent emails to the Debtor's counsel at least seven times, in May and June 2025 requesting confirmation that the Debtor would reimburse Amazon for the subject overpayment. I never received such confirmation from the Debtor.

1

4.     Finally, on July 23, 2025 and in an effort to avoid motions practice, my colleague at K&L, Brian Peterson, emailed the Debtor's counsel requesting confirmation of whether the Debtor would agree to refund the overpayment. The Debtor did not confirm it would reimburse Amazon for the overpayment, forcing Amazon to file the Motion.

EXECUTED this 30th day of July, 2025, at Seattle, Washington.

/s/ *Michael J. Gearin*
Michael J. Gearin

# EXHIBIT 1

| | |
|---|---|
| **From:** | McIntyre, James |
| **To:** | Gearin, Mike; Schlauch, Brendan J.; Liu, Vicky Huiqi; Meehan, Colin A. |
| **Cc:** | Lomazow, Tyson; Schak, Benjamin; Peterson, Brian T.; Lentz, Denise A. |
| **Subject:** | FW: Edgio/AWS Account |
| **Date:** | Thursday, June 12, 2025 5:58:47 AM |
| **Attachments:** | Notice of Potential Executory Contracts to be Assumed Pursuant to the Plan Edgio, Inc. Dkt. 1029.pdf |

**This Message Is From an External Sender**
This message came from outside your organization.

Mike,

Apologies for the delay here. Looping in a few members of the RLF team who are handling confirmation issues.

Best,

James McIntyre | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5831
JMcIntyre@milbank.com | milbank.com


**From:** Gearin, Mike <Mike.Gearin@klgates.com>
**Sent:** Tuesday, June 10, 2025 6:38 PM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** [EXT] RE: Edgio/AWS Account

Hi James:  reconnecting here.  We received the attached notice of potential assumption for certain AWS contracts which is inconsistent with our dialogue on the Debtor's intentions for the AWS contracts and our records on cure amounts.   Can we agree that we do not need to file an objection to this notice?  I have been seeking to reach agreement with you on identifying the contracts that are going to be assigned and the cure amounts that are necessary for assignment for some time.  Can we finalize an understanding on this?  To be clear, Amazon does not consent to a partial assignment of only some of the account balances to Lynrock.  The contract must be assumed in full with payment of all arrearages as cure.  AWS is willing to split the accounts provided that the full amount of cure is paid, but it is not required to do so.

I would appreciate responses to my questions below regarding the overpayment status, the payment on the postpetition amounts due under the Moovweb account and the specifics of the proposal for assignment of which accounts to which party.

Thanks
Mike

**From:** Gearin, Mike
**Sent:** Tuesday, June 3, 2025 9:50 AM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Hi James:  Thanks for the update here.  Fine on the approach for addressing the proof of claim with Omni.  Once the cure payments are made satisfying the prepetition claim, we would agree to a notice of satisfaction.

Understand you will provide further information on the reimbursement of the overpayment today.

As for the account assignments and cure amounts, we still need clarity on which accounts are to be assumed by whom.  We are not in agreement that the accounts marked as Parler have been transferred to Parler as there has been no assumption and assignment of the contract rights to Parler and no cure paid on those accounts.  I don't believe we have the TSA documents you reference that identify the accounts Parler intends to take. Can you send those to us?  Can you also put us in touch with the appropriate counsel for Parler to engage with them on the assignment and cure issues?

Can you confirm that the accounts listed as Parler in the attached statement are the ones that you wish to assign to Parler?

I think we will still need clarity as to which accounts are intended to be transferred to Lynrock and which are intended to be transferred to Parler.

Attached is the list of accounts from the AWS system.  Can you provide a list of the accounts intended to be transferred to Lynrock?  Has Lynrock agreed to pay the cure for these accounts?  Which counsel at Lynrock would be the best to engage with on these issues?

We have been discussing this Moovweb account (830277587339) with a past due postpetition balance of $150K.  Is this account being assumed and assigned?   When will the postpetition balance be paid?

Appreciate your efforts in sorting these issues out.

Mike



**Michael J. Gearin**
K&L Gates LLP

925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 370-6666 Direct
(206) 940-2500 Mobile
Michael.Gearin@klgates.com


**From:** McIntyre, James JMcIntyre@milbank.com
**Sent:** Monday, June 2, 2025 1:24 PM
**To:** Gearin, Mike <Mike.Gearin@klgates.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Hi Mike,

A few points:

1. The accounts that went to Parler can be found in the Parler TSA documents, which included a specified list of AWS accounts and orgs. We understand that the AWS and Edgio teams worked closely together on these and implemented the transfers in the manner AWS recommended and that the parties mutually agreed to transfer the accounts in name from Edgio to Parler. Please let us know if AWS has additional questions or issues here, as our understanding is that Edgio, AWS, and Parler worked collaboratively to get Parler set up.
2. We've been advised by local counsel that it is not standard practice in Delaware to amend notices of satisfaction, the concern being confusing the other parties regarding the objection deadline. One alternative approach would be for us to make it clear to Omni that we received your response to the NOS and that the AWS claim should not be marked satisfied on the claims register. Once the claim is ultimately satisfied, we can then file a new NOS noting the satisfaction and manner in which it was satisfied. Please let us know if that approach is acceptable to AWS. We and RLF are happy to hop on a call to discuss any questions or concerns.
3. We'll follow up tomorrow with a response on the reimbursement point.

Best,

James McIntyre | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5831
JMcIntyre@milbank.com | milbank.com


**From:** Gearin, Mike <Mike.Gearin@klgates.com>
**Sent:** Wednesday, May 28, 2025 2:18 PM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>

**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** [EXT] RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Thanks for getting back to me James:

Yes, we agree that amendment of the notice of satisfaction would be appropriate. Based on this commitment to withdraw the notice of satisfaction, we will not file an objection and will look for your amended notice.

Appreciate you sending the copy of the SO. I am going to be out of the office the next few days, back Monday. Could we get the Debtor's response on the reimbursement and the assignment details by Monday please?

Mike

**From:** McIntyre, James <JMcIntyre@milbank.com>
**Sent:** Wednesday, May 28, 2025 10:41 AM
**To:** Gearin, Mike <Mike.Gearin@klgates.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Mike,

A few points:
- Regarding the notice of satisfaction, Edgio has confirmed that the prepetition amounts you raised have not been satisfied. Given our agreement here, it makes sense to amend the notice of satisfaction and remove the AWS claim. Let us know if you agree.
- We're still investigating the assignment and request for reimbursement, but the SO related to the request for reimbursement is attached.

Best,

James McIntyre | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5831
JMcIntyre@milbank.com | milbank.com


**From:** Gearin, Mike <Mike.Gearin@klgates.com>
**Sent:** Tuesday, May 27, 2025 7:39 PM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** [EXT] RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

James: Checking back in here. Attaching the updated statement of account which shows

all the accounts including Moovweb. The accounts labelled Parler have been name changed in the system by the customer, but Amazon has not consented to the assignment of those accounts and there has been no motion filed to assume and assign those.

We have a deadline coming up on your Notice of Satisfaction of Claims Satisfied in Full. As I indicated earlier, while there was some payment of the prepetition claim balance, it was not paid in full. I would prefer not to have to file an objection to this notice. Will the Debtor withdraw the notice while we work on reconciliating the matters described below?

Can we get an update on investigation of the assignment and cure issues and the request for reimbursement of the overpayment on the data services charges?

Thanks
Mike

**From:** McIntyre, James <JMcIntyre@milbank.com>
**Sent:** Tuesday, May 20, 2025 9:05 AM
**To:** Gearin, Mike <Mike.Gearin@klgates.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Hi Mike,

We've been running these points down. I'll follow up and get back to you as soon as possible.

Best,

James McIntyre | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5831
JMcIntyre@milbank.com | milbank.com


**From:** Gearin, Mike <Mike.Gearin@klgates.com>
**Sent:** Tuesday, May 20, 2025 11:59 AM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** [EXT] RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Hi James: Checking back here. Can we clear up intentions on the AWS accounts? Can we get confirmation on the refund of the overpayment on the data services charges? Have you engaged with the Edgio business team on that?

Mike

**From:** Gearin, Mike
**Sent:** Friday, May 16, 2025 1:46 PM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

This is inconsistent with what you told us before. I think we will need clarity as to which accounts are debtor accounts, which ones are intended to be transferred to Lynrock and whether any of the accounts are intended to be transferred to Parler. We removed the Moov account balances from the account statement based on your earlier confirmation that this was not a debtor account. Can you please send us the list of accounts that you believe are debtor accounts and indicate which are going to be assigned? If Moovweb is actually a debtor account, we will need to update the account statement.

Mike

**From:** McIntyre, James <JMcIntyre@milbank.com>
**Sent:** Friday, May 16, 2025 12:58 PM
**To:** Gearin, Mike <Mike.Gearin@klgates.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Apologies, for the confusion. Moov Corporation actually merged into Mojo Merger Sub, LLC (a debtor entity) in 2021. So the Edgio business contacts are the appropriate individuals to contact.

James McIntyre | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5831
JMcIntyre@milbank.com | milbank.com


**From:** Gearin, Mike <Mike.Gearin@klgates.com>
**Sent:** Friday, May 16, 2025 3:54 PM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** [EXT] RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Thanks for getting back to me James.

On the $150K invoice, this an account with Moovweb, a non-debtor entity, not with Edgio. We will convey this to the AWS finance team and understand that the business contacts from Moovweb will reach out as well.

Mike

**From:** McIntyre, James <JMcIntyre@milbank.com>
**Sent:** Friday, May 16, 2025 12:36 PM
**To:** Gearin, Mike <Mike.Gearin@klgates.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Mike,

I did hear back on the first point. Edgio acknowledges it hasn't paid this invoice. The approximately $150k invoice was billed for a full year, while service was only used in December and January. I understand that the Edgio team should be reaching out regarding re-billing for the appropriate period, at which point Edgio would pay the invoice.

I'm still waiting to hear back on the second and third issues, but we will revert.

Best,

James McIntyre | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5831
JMcIntyre@milbank.com | milbank.com


**From:** Gearin, Mike <Mike.Gearin@klgates.com>
**Sent:** Friday, May 16, 2025 3:23 PM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** [EXT] RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

James:   Checking on this.



**Michael J. Gearin**
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 370-6666 Direct
(206) 940-2500 Mobile
Michael.Gearin@klgates.com

**From:** Gearin, Mike
**Sent:** Tuesday, May 13, 2025 11:02 AM
**To:** McIntyre, James <JMcIntyre@milbank.com>; Schak, Benjamin <bschak@milbank.com>; Lomazow, Tyson <TLomazow@milbank.com>
**Cc:** Peterson, Brian T. <Brian.Peterson@klgates.com>; Lentz, Denise A. <Denise.Lentz@klgates.com>
**Subject:** RE: Edgio/AWS Account [KLG-USW_ACTIVE01.FID901146]

Hi James:   Following up on a few Amazon and AWS questions.

1. Did you receive confirmation of this payment on the Moovweb account?  AWS is proceeding with its regular collection processes for this non-debtor Moovweb account as it does not have record of payment.

2. We received the attached notice of satisfaction of the AWS claim.  As I think you know, this claim was not fully paid as the prepetition balances are scheduled for payment as cure by Lynrock under the pending plan.  Attached is the copy of the updated statement of account reflecting the unpaid balances.  Can we agree that these prepetition amounts have not been satisfied?  The AWS records indicate that the name has been changed on four accounts to Parler, but we don't see that these accounts were ever assumed and assigned to Parler.  Do you know if there has been an assumption and assignment of these accounts and if so, has Parler agreed to pay the prepetition balances as cure?  Alternatively, are these accounts intended to be assigned to Lynrock?

3. We have recently been made aware of an overpayment for data services provided to Amazon by Edgio under the CDN Service Order No. CC SVC 00211456 2024 TR as referenced below.  Amazon made post-petition payments under this account of more than $7 million but inadvertently neglected to deduct the incentive credit below from the payments.  Can you provide us with a copy of this service order and advise whether the Debtor agrees to satisfy this overpayment balance?



4.

Thanks.   Happy to discuss by phone if helpful

Mike

